**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-2389

_____

GORDON SMITH,
                                        Appellant

v.

DAVID ANGELO, Delaware Department of Corrections;
ROBERT COUPE, Delaware State Police;
JAMES FRALEY, Delaware State Police; CARL DANBERG,
Delaware Department of Corrections; SGT. DAVID WEAVER,
of the Delaware State Police, Troop 3

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-14-cv-01066)
District Judge:  Honorable Gregory M. Sleet

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 16, 2018

Before:  VANASKIE, COWEN and NYGAARD, Circuit Judges

(Opinion filed: February 21, 2018)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Gordon Smith appeals the District Court's order granting Appellees' motion for summary judgment. For the reasons below, we will affirm the District Court's order.

The procedural history of this case and the details of Smith's claims are well known to the parties, set forth in the District Court's memorandum, and need not be discussed at length. Briefly, on August 28, 2012, a passerby called 911 to report a woman on the ground who was naked, unresponsive, and bleeding. When asked who assaulted her, the woman, Tiffany Smith,[1] stated that it was her ex-husband, Appellant Gordon Smith. Because Smith was on pretrial probation, he was wearing a GPS monitor. His location was obtained, and he was detained by Appellee Angelo and taken to a police station. The police determined that Tiffany had staged the crime scene, and Smith was released after being held approximately 90 minutes.

Smith filed a counseled complaint alleging, inter alia, false arrest and false imprisonment, i.e. that his arrest and detention were unlawful because the police lacked probable cause. He argued that if Appellees had investigated his GPS activity before arresting him, they would have realized that there was no probable cause for his arrest. The District Court granted Appellees' motion for summary judgment, and Smith filed a timely pro se notice of appeal.

---

[1] For clarity, we will hereinafter refer to Tiffany Smith as "Tiffany." No disrespect is intended by use of her first name.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order granting summary judgment de novo and review the facts in the light most favorable to the nonmoving party. Burns v. Pa. Dep't of Corr., 642 F.3d 163, 170 (3d Cir. 2011). A grant of summary judgment will be affirmed if our review reveals that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The Fourth Amendment requires that arrests be supported by probable cause. Thus, to state a claim for false arrest, a plaintiff must establish that probable cause was lacking. James v. City of Wilkes-Barre, 700 F.3d 675, 680 (3d Cir. 2012). For a claim of false imprisonment, a plaintiff must allege that the detention was unlawful. Id. at 682-83. Here, Smith claims his detention was unlawful because probable cause was lacking for the arrest. Thus, both of Smith's claims rest on his argument that Appellee Officer Angelo lacked probable cause to arrest him.

Probable cause exists when the facts known to the officer are sufficient to warrant a reasonable person to believe that an offense has been committed. Orsatti v. N.J. State Police, 71 F.3d 480, 483 (3d Cir. 1995). Mere suspicion is not enough for probable cause, but an officer is not required to have evidence to prove guilt beyond a reasonable doubt. Id. at 482-83. Generally, the existence of probable cause for arrest is a question of fact. Groman v. Township of Manalapan, 47 F.3d 628, 635 (3d Cir. 1995). However, a district court may conclude "that probable cause exists as a matter of law if the evidence, viewed most favorably to the Plaintiff, reasonably would not support a contrary

3

factual finding." Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 788-89 (3d Cir. 2000) (internal quotation and citation omitted).

Smith concedes that a call went out over the police radio that a naked female was lying in a ditch and had named Smith, her ex-husband, as a suspect in her attack. In addition, Tiffany's mother had called the police to report that Tiffany had been assaulted and that Tiffany had obtained a PFA (Protection From Abuse) order from Smith in court that day. Tiffany's mother reported that after the court appearance Smith had threatened to kill Tiffany and their children. These allegations were sufficient to establish probable cause. "When a police officer has received a reliable identification by a victim of his or her attacker, the police have probable cause to arrest." Sharrar v. Felsing, 128 F.3d 810, 818 (3d Cir. 1997) abrogated on other grounds by Curley v. Klem, 499 F.3d 199 (3d Cir. 2007)). The probable cause standard does not require officers to correctly resolve credibility determinations or conflicting evidence. Wright v. City of Philadelphia, 409 F.3d 595, 603 (3d Cir. 2005). Viewing the evidence most favorably to Smith, we agree with the District Court that the police had probable cause to arrest Smith as a matter of law.

As noted above, Smith argues that before arresting him, the police should have checked his GPS activity which would have exonerated him. However, he admits that Tiffany had alleged that two people attacked her and told her Smith had sent them. Thus, even if officers had known that Smith was not in the area of the attack, this fact would not have undermined the probable cause the police officers had to believe that he was

4

involved in the attack. See also Merkle, 211 F.3d at 790 n.8 ("[The officer] was not required to undertake an exhaustive investigation in order to validate the probable cause that, in his mind, already existed.") Moreover, based on the initial reports from the scene, the police felt that time was of the essence. In a police report, Det. Surowiec stated that the determination to take Smith into custody for questioning was based on "the lengthy history between the two parties, the severity of the incident (as it was first presented to me), the safety of the couple's children, as well as the safety of the public in general." Surowiec also noted the concern that if the incident was an attempted homicide, taking Smith into custody would prevent him from fleeing.

The District Court concluded that Officer Angelo could rely on the collective knowledge doctrine, i.e., that information known to his fellow officers could be imputed to him. See United States v. Belle, 593 F.2d 487, 497 n.15 (3d Cir. 1979) ("The collective knowledge of the investigating officers is measured in determining probable cause."). Smith argues that Officer Angelo could not rely on the collective knowledge doctrine because he was a probation officer and did not ask for authorization to arrest from a supervisor. However, any alleged failure by Angelo to follow internal police procedures does not undermine the legality of Smith's arrest. Moreover, Angelo did, in fact, receive authorization from Det. Surowiec before arresting Smith.

It was Det. Surowiec's authorization for the arrest which led Smith to seek to add Surowiec as a defendant. Smith challenges the District Court's denial of his motion to amend his complaint to add Det. Surowiec as a defendant. But the District Court

5

concluded, and we agree, that there are no facts alleged in the proposed second amended complaint that would undermine the determination that probable cause existed at the time of the arrest.

For the above reasons, we will affirm the District Court's order granting summary judgment and denying Smith's motion to amend his complaint.